**Andry J. FEDIUK, Plaintiff,**

v.

**STATE of NEW YORK, Defendants.**

**No. 83 Civ. 2992 (KTD).**

United States District Court,
S.D. New York.

Nov. 28, 1983.

Andry J. Fediuk, pro se.

Robert Abrams, Atty. Gen., of the State of N.Y., for defendants; Joyce Andren, Asst. Atty. Gen., New York City, of counsel.

### MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge.

On October 26, 1983, by an endorsement decision, I granted defendants' motion to dismiss the complaint as against the defendant members of the judiciary and dismissed that part of the suit that sought damages against the state or its judicial

branch. In so holding, I stated that "[a]lthough the constitutional basis for plaintiff's suit [was] unclear, *pro se* complaint's are held to less exacting pleading standards ... and defendant New York State did not move to dismiss on such a ground." Defendant has now made a motion for what it calls "reconsideration" arguing (for the first time) that:

> plaintiff's complaint fails to state a cause of action in that his allegation that he was denied *in forma pauperis* status in Family Court, a discretionary decision, fails to claim a violation of the Federal Constitution or any federal law; therefore, declaratory relief in a 42 U.S.C. § 1983 action is inappropriate.

Defendant's Notice of Motion, Affidavit of Joyce Andren at 2.

Plaintiff asserts in response that the denial of his *in forma pauperis* applications by the Family Court act to deny him his due process rights, and his Fourteenth Amendment "right to be treated as a equal party in the courts." Plaintiff's Opposition to Defendant's Motion For Reconsideration at 1. Although it is not entirely clear from the pleadings, plaintiff apparently wishes to pursue his legal remedies concerning termination of his parental rights with his children in Family Court. The filing fees and the denial of his *in forma pauperis* application also apparently are preventing plaintiff from obtaining relief. *See Tomarkin v. Ward*, 534 F.Supp. 1224, 1227 (S.D. N.Y.1982) (pleadings' allegations accepted as true on a motion to dismiss).

■ In *Boddie v. Connecticut*, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971), the Supreme Court invalidated filing fees that operated to preclude indigent persons from filing divorce actions. The Court found the marriage or family interests sufficiently fundamental that the State's fee requirement, which prohibited plaintiffs from pursuing the only legal remedies permitted by the State, violated the due process clause. Plaintiff's asserted interest here, the protection of his parental rights seem as fundamental as the *Boddie* plaintiffs' right to an opportunity to obtain a termination of the marriage relationship. As the Supreme Court stated recently in *Lassiter v. Department of Social Services*, 452 U.S. 18, 27, 101 S.Ct. 2153, 2159, 68 L.Ed.2d 640 (1981), the Court's "decisions have by now made plain beyond the need for multiple citation that a parent's desire for and right to 'the companionship, care, custody, and management of his or her children' is an important interest that 'undeniably warrants deference and, absent a powerful countervailing interest, protection.'" Quoting *Stanley v. Illinois*, 405 U.S. 645, 651, 92 S.Ct. 1208, 1212, 31 L.Ed.2d 551 (1972). Such protection includes the right to due process for an indigent complainant seeking relief in the only forum provided to him by the state: "'[W]ithin the limits of practicality' ... a State must afford to all individuals a meaningful opportunity to be heard if it is to fulfill the promise of the Due Process Clause." *Id.* 401 U.S. at 379, 91 S.Ct. at 786, quoting *Mullane v. Central Hanover Tr. Co.*, 339 U.S. 306, 318, 70 S.Ct. 652, 659, 94 L.Ed. 865 (1950). A rule that deprives an individual of a protected right, such as free speech, religious freedom, or the family-related rights involved in *Boddie* and here, may be unconstitutional. *See Id.*

■ This is not to suggest that plaintiff is entitled to relief on the merits. But reading plaintiff's *pro se* complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), I cannot say that there are no facts that plaintiff could prove that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). For example, the denial of *in forma pauperis'* applications could be sufficiently arbitrary that it could effectively operate the same as the absolute monetary bar presented in *Boddie.*

■ Defendant also contends that plaintiff cannot assert a section 1983 claim against the state because the state is not a "person" for the purpose of maintaining a section 1983 action. Nevertheless, plaintiff adequately asserts his action against the Clerk or other state official or judge res-

ponsible for the denial of *in forma pauperis* applications.

 Finally, defendant vaguely asserts that its action was within its "discretionary" authority. This statement, however, is completely unsupported. Defendant does not explain what the basis was for the denial of plaintiff's *in forma pauperis* application, what procedural posture plaintiff's case was in at the time of the denial, nor any other relevant fact. Rather than challenge the potentially serious legal and factual deficiencies of plaintiff's complaint, the defendant appears to hope that this *pro se* litigant will be unable to respond adequately to successive motions to dismiss. In short, defendant's motion to dismiss the complaint is denied.

SO ORDERED.